Opinion filed April 9, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 9,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00263-CR

                                                       ________

 

                                JOSE
LUPE TREVINO, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

                                              Taylor
County, Texas

                                                  Trial
Court Cause No. 22963A

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

Jose
Lupe Trevino, Jr. appeals his conviction by a jury of the offense of burglary
of a habitation.  The trial court, after receiving evidence of two prior
convictions, assessed his punishment at twenty-five years confinement in the
Texas Department of Criminal Justice, Institutional Division.  He contends in
two issues on appeal that he was denied effective assistance of counsel during
the guilt/innocence phase and during the punishment phase of his trial.  We
affirm.








Trevino
asserts that his counsel was ineffective in the following respects:  (1) failed
to file several pretrial motions, including a waiver of arraignment and a
motion to have the jury assess punishment; (2) conducted minimal voir dire; (3)
presented no challenges for cause; (4) briefly cross-examined the complaining
witness; (5) presented no evidence on his behalf, either in the trial or
punishment phase; (6) did not preserve error as to what Trevino asserts was a
reference by the State to his failure to testify; (7) objected too late to the
introduction into evidence of Trevino=s
prior convictions; and (8) failed to advise Trevino to plead not true to the
prior convictions.   In order to prevail on these claims, Trevino must first
establish that his counsel=s
performance was deficient by showing that his counsel=s representation fell below the objective
standard of professional norms.   Strickland v. Washington, 466 U.S.
668, 687 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  Second, he must show that this deficient performance prejudiced his
defense by showing that the error was so serious as to deprive him of a fair
trial, a trial whose result is reliable.  Strickland, 466 U.S. at 687. 
This means that Trevino must show a reasonable probability that, but for his
counsel=s
unprofessional errors, the result of the proceeding would have been different. 
Bone, 77 S.W.3d at 833.  A reasonable probability is one sufficient to
undermine confidence in the outcome.  Strickland, 466 U.S. at 687.

Appellate
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions fell within the
wide range of reasonable and professional assistance.  Bone, 77 S.W.3d
at 833.  There is an exception to the presumption of reasonable professional
judgment when the complained-of conduct by trial counsel is of a type that no
reasonably competent defense attorney would have engaged in for any reason.  Mata
v. State, 226 S.W.3d 425, 428-29 (Tex. Crim. App. 2007).   Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel=s conduct was reasonable
and professional.  Bone, 77 S.W.2d at 833.  In the case at bar, there is
no evidence as to counsel=s
strategy with respect to any of the matters referred to in Trevino=s brief on appeal.  The
complained-of conduct is not of a type that no reasonably competent defense attorney
would have engaged in for any reason.  Consequently, we conclude that the
record in this appeal is inadequate to support Trevino=s contentions.  We overrule Issues One and
Two.

The
judgment of the trial court is affirmed.

 

PER CURIAM

April 9, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.